OPINION OF THE COURT
John D. Capilli, J.
This is an action for summary proceedings wherein the petitioner landlord has moved to recover possession of real property known as 39 Independence Avenue, Freeport, Town of Hempstead, County of Nassau, State of New York, from the respondents, Family Bible Study Church, Inc., Rev. Willie Warren and Rev. Gloria Warren.
FACTS
On October 28, 1977, the Administrator of Veterans’ Affairs entered into an installment contract for the sale of real estate known as 39 Independence Avenue, Freeport, New York. At that time the purchasers were Willie Warren and Gloria Warren (sued herein as Rev. Willie Warren and Rev. Gloria Warren) who on or about February 1,1979 assigned the installment contract with the consent of the Administrator of Veterans’ Affairs to the Family Bible *616 Study Church, Inc. In this assignment by the individuals to the Family Bible Study Church, Inc., a religious corporation incorporated under article 10 of the Religious Corporations Law, the religious corporation assumed the obligations of the individuals heretofore known as Willie Warren and Gloria Warren. The respondent, Family Bible Study Church, Inc., defaulted upon its obligations on June 1, 1981, at which time it was seven months in arrears upon their rent indebtedness and said arrears have aggregately totaled $3,633.15.
On December 15, 1981, the respondent, Family Bible Study Church, Inc., was given notice by the Veterans’ Administration pursuant to paragraph 15 of the installment contract and elected to terminate the respondents’ right in and to the premises and further under paragraph 17a of the installment contract, requested the removal of the occupants as holdover.
ISSUES AND FINDINGS
The respondents have moved to dismiss the petition upon the following grounds:
(1) They argue that the administrator does not have authority to sue in a State court. Under section 1345 of title 28 of the United States Code, it states that “Except as otherwise provided by Act of Congress, the [Federal] district courts shall have original jurisdiction of all civil actions, suits or proceedings commenced by the United States, or by any agency or officer thereof expressly authorized to sue by Act of Congress”.
The petitioner responds that section 1820 (subd [a], par [1]) of title 38 of the United States Code has “otherwise provided” that the administrator may “sue and be sued in the Administrator’s official capacity in any court of competent jurisdiction, State or Federal”.
Based upon the foregoing, this court concludes that the respondents’ argument stating that the administrator does not have authority to sue in a State court is without merit.
(2) The respondent further argues that any counterclaim interposed in this subject summary proceeding must be *617 removed to the Federal District Court since the Rules of the Administrator of Veterans’ Affairs only authorize the administrator to sue, but not to be sued. This court again looked at section 1820 (subd [a], par [1]) of title 38 of the United States Code, which clearly provides that the administrator may “sue and be sued” in any court of competent jurisdiction, State or Federal. Therefore, this court has reached the conclusion that counterclaims may be asserted against the administrator based upon the authority of section 1820 (subd [a], par [1]) of title 38 of the United States Code (supra), permitting the administrator to be sued. Furthermore, RPAPL 743 permits an answer in a summary proceeding to contain counterclaims.
(3) Lastly, respondents allege that the petitioner is without authority to commence this summary proceeding and that a motion to dismiss should be granted. A thorough examination of the caption in the notice of petition and petition reveals that the petitioner in this proceeding is “Administrator of Veterans’ Affairs.” The verification of the petition is made by one, Matthew Levin, who is not the petitioner, but only the petitioner’s agent and' attorney. His function in this proceeding has been to allege facts sufficient to state a cause of action under RPAPL article 7. RPAPL 741 states “The petition shall be verified by the person authorized by section seven hundred twenty-one to maintain the proceeding; or by a legal representative, attorney or agent of such person pursuant to subdivision (d) of section thirty hundred twenty of the civil practice law and rules”. The court, in reviewing the petition, finds that the actual petitioner is the Administrator of Veterans’ Affairs who does have authority to commence this summary proceeding and thereby concludes that the respondents’ argument should also be denied.
CONCLUSION
Accordingly, respondents’ motion to dismiss the petition in this summary proceeding, as a holdover tenant, is hereby denied.
The case will be placed on the Landlord and Tenant Proceedings Calendar, Civil Motions, Part I, of this court, *618 East Wing Building, 272 Old Country Road, Mineóla, New York, for July 8, 1982 at 9:30 a.m.